UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHILLIP TRAICOFF, d/b/a RENEGADE STUDIOS </br></br>      Plaintiff, </br></br> v. </br></br> DIGITAL MEDIA, INC., STAFFING TOOLS, INC., DELBERT CRAIG HANE, MARKZWARE, TAZ TALLY SEMINARS, INC., ENFOCUS SOFTWARE, INC., MICROSOFT CORPORATION, X-RITE, INCORPORATED, NATIONAL COUNCIL FOR SKILL STANDARDS IN GRAPHIC COMMUNICATIONS, GRAPHIC AUTHORITY ONLINE UNIVERSITY, GRAPHIC COMPUTER SOLUTIONS ONLINE UNIVERSITY, PRINTIMAGE INTERNATIONAL ONLINE UNIVERSITY, COLORBLIND, PANTONE, INC. QUADEALAY CORPORATION, COPYDOT PRE PRESS, INC., VANTAGE TRAINING TECHNOLOGIES, INC., VANTAGE PARTNERS, LLC, TECSOFT, PRINTABLE TECHNOLOGIES, INTERNATIONAL CENTER FOR ENTREPRENEURIAL DEVELOPMENT (ICED), PRINTING INDUSTRIES OF NORTHERN CALIFORNIA, CORNERMARK, AGT, PRINTSTAFF, LLC, PRINTING INDUSTRY ASSOCIATION OF SOUTHERN CALIFORNIA, PRINTING INDUSTRY ASSOCIATION OF GEORGIA, IMAGING TECHNOLOGIES, INC., IMAGING TECHNOLOGIES CORP., LITHCO, EXTENSIS, INC., NATIONAL ASSOCIATION OF PHOTOSHOP PROFESSIONALS, PG AND ASSOCIATES, </br></br>      Defendants. | Cause No. 1:03-CV-1781-JDT/WTL |

## DEFENDANT PANTONE, INC.'S
## ANSWER TO THE COMPLAINT FOR DAMAGES

Defendant, Pantone, Inc. ("Pantone"), by counsel, and for its Answer to the Complaint for Damages, states as follows:

## I. JURISDICTIONAL MATTERS

1. Jurisdiction is based upon 28 U.S.C. Section 1331 inasmuch as the Plaintiff is bringing a civil action arising under 17 U.S.C. Section 501 et seq. which is a law of the United States of America.

> **ANSWER:** Pantone admits the allegations set forth in paragraph one (1) of the Complaint.

2. Plaintiff is a resident of Monroe County, Indiana and many of the contracts, acts, and omissions which are the subject of this lawsuit occurred in Monroe County as well resulting in the filing of this lawsuit in the Indianapolis Division.

> **ANSWER:** Pantone is without knowledge or information to form a belief as to the truth of whether Plaintiff Phillip Traicoff d/b/a Renegade ("Plaintiff") is a resident of Monroe County, Indiana; therefore, Pantone can neither admit nor deny this allegation. Pantone denies the remaining allegations set forth in paragraph two (2) of the Complaint.

## II. UNDERLYING FACTUAL BACKGROUND

3. On or about June 10, 2001, Plaintiff Phillip Traicoff d/b/a Renegade Studios entered into a contract with Amy Millar granting Plaintiff exclusive rights, privileges and license for use in teaching, training and all demonstration purposes and mechanical reproduction for the use of her voice. (See attached "Exhibit 1").

> **ANSWER:** Pantone is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph three (3) of the Complaint; therefore, Pantone can neither admit nor deny these allegations.

4. On or about March 8, 2002, Plaintiff entered into a contract with Digital Media, Inc. with respect to various recordings known as "DMI Training" which were recorded by Plaintiff using the voice of Amy Millar. (See attached "Exhibit 2").

**ANSWER:** Pantone is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph four (4) of the Complaint; therefore, Pantone can neither admit nor deny these allegations.

5. The recordings created by Plaintiff consist of forty-nine (49) audio discs where Amy Millar verbally spoke instructions on how to use various software programs such as Flight Check, Extensis, Indesign, Photo Shop, Quark, Font Management, Page Maker, Quark Express, Web Graphics, Acrobat PDF, Illustrator, Color Management, and others. (A list of the various software programs is attached hereto as "Exhibit 3").

**ANSWER:** Pantone is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph five (6) of the Complaint; therefore, Pantone can neither admit nor deny these allegations.

6. At said time and place Plaintiff obtained a valid copyright in the voice recordings listed on "Exhibit 3" known as "DM1 Training". Plaintiff's copyright in the voice recordings listed on "Exhibit 3" was registered with the United States Copyright Office on April 10, 2003. (See attached "Exhibit 4").

**ANSWER:** Pantone is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph six (6) of the Complaint; therefore, Pantone can neither admit nor deny these allegations.

7. On March 8, 2002, Plaintiff granted Defendant Digital Media, Inc. a license to "record, reproduce, market and sell the audio" which was the subject of Plaintiff's copyright. (See attached "Exhibit 2", "contract").

> **ANSWER:** Pantone is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph seven (7) of the Complaint; therefore, Pantone can neither admit nor deny these allegations.

8. The express terms of the contract state that "this contract is not assignable by DMI and shall be binding upon the heirs, legal representatives, successors and assigns of the parties hereto". (See attached "Exhibit 2", ¶ 5).

> **ANSWER:** Pantone admits that the language quoted in paragraph eight (8) accurately reflects a portion of Exhibit 2 to Plaintiff's Complaint for Damages at ¶ 5. However, Pantone is without sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph eight (8) of the Complaint.

9. During the formation of the contract, Plaintiff requested $50,000.00 cash in exchange for the non-exclusive reproduction rights to the audio recordings.

> **ANSWER:** Pantone is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph nine (9) of the Complaint; therefore, Pantone can neither admit nor deny these allegations.

10. The president of Digital Media, Inc., Defendant Craig Hane, stated in response that the stock of Digital Media, Inc. would be worth anywhere from $1.00 to $6.00 within three (3) years and then offered to compensate the Plaintiff with 50,000 shares of Digital Media stock in lieu of a $50,000.00 payment.

> **ANSWER:** Pantone is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph ten (10) of the Complaint; therefore, Pantone can neither admit nor deny these allegations.

11. The contract specifically states "in lieu of fifty thousand dollars ($50,000.00) Phillip Traicoff will accept fifty thousand (50,000) shares of DMI stock". (See "Exhibit 2", contract, ¶ 3(a)).

> **ANSWER:** Pantone admits Plaintiff has quoted certain language from Exhibit 2 to Plaintiff's complaint for Damages. However, Pantone is without

INDY 1317126v1

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph eleven (11) of the Complaint; therefore, Pantone can neither admit nor deny these allegations.

12. Shortly after Plaintiff entered into the contract with Digital Media, Inc., he inquired of Mr. Hane as to profitability of Digital Media, Inc. and was told that Digital Media, Inc. had not been able to successfully market the audio and that the company had been effectively shelved.

**ANSWER:** Pantone is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph twelve (12) of the Complaint; therefore, Pantone can neither admit nor deny these allegations.

13. Plaintiff additionally discovered that the audio works were being marketed and sold actively by another corporate entity in which Mr. Hane was involved known as Staffing Tools, Inc.

**ANSWER:** Pantone is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph thirteen (13) of the Complaint; therefore, Pantone can neither admit nor deny these allegations.

14. Staffing Tools, Inc. has actively marketed, distributed, sold and licensed use of the copyrighted audio to AGT, Markzware, Taz Tally Seminars, Inc., Enfocus Software, Inc., Microsoft Corporation, X-Rite Incorporated, Colorblind, Pantone, Quadralay Corporation, Copydot Pre Press, Inc., Vantage Training Technologies, Inc., Vantage Partners, LLC, Tecsoft, Printable Technologies, Graphic Authority Online University, Graphic Computer Solutions Online University, Printimage International Online University and the National Counsel for Skill Standards and Graphic Communications, International Center for Entrepreneurial Development, Printing Industries of Northern California, Cornermark, AGT, Printstaff, LLC, Printing Industry Association of Southern California, Printing Industry Association of Georgia, Imaging

Technologies, Inc., Imaging Technologies, Corp., Lithco, Extensis, Inc., National Association of Photoshop Professionals, and PG and Associates. These entities have then copied, marketed, sold and distributed the audio work in which Plaintiff owns the copyright.

> **ANSWER:** Pantone denies the allegations set forth in paragraph fourteen (14) of the Complaint as to Pantone. Pantone is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph fourteen (14) of the Complaint; therefore, Pantone can neither admit nor deny these allegations.

### III. LEGAL ALLEGATIONS

#### COUNT 1: Breach of Contract

Plaintiff hereby incorporates as if fully set forth herein the factual allegations contained in the preceding rhetorical paragraphs herein.

15. Defendant Digital Media, Inc. breached the contract with Plaintiff attached hereto as "Exhibit 2" when it violated the anti-assignment clause of the contract and it used the Staffing Tools, Inc. entity to sell the audio in order to avoid paying royalties to the Plaintiff.

> **ANSWER:** Pantone incorporates by reference its responses to the allegations set forth in paragraphs 1-14. Paragraph fifteen (15), Count 1 of the Complaint makes no allegation against or related to Pantone. Pantone is therefore not required to respond. To the extent Plaintiff attempts to make any allegation against Pantone, Pantone denies same.

16. As a proximate result of Digital Media, Inc.'s breach of contract, Plaintiff has suffered a loss of any and all profits arising from the sale of the audio.

> **ANSWER:** Paragraph sixteen (16), Count 1 of the Complaint makes no allegation against or related to Pantone. Pantone is therefore not required to respond. To the extent Plaintiff attempts to make any allegation against Pantone, Pantone denies same.

## COUNT 2: Copyright Infringement

Plaintiff hereby incorporates as if fully set forth herein the factual allegations contained in the preceding paragraphs herein.

17. At all relevant times Plaintiff owned a valid copyright in the audio works listed on "Exhibit 3" and Plaintiff has formally registered said copyright with the United States Copyright Office, as evidenced by "Exhibit 4".

> **ANSWER:** Pantone incorporates by reference its responses to the allegations set forth in paragraphs 1-16. Pantone denies the allegations set forth in paragraph seventeen (17) of the Complaint.

18. Staffing Tools, Inc. never obtained a valid license with respect to the use of the copyrighted material and has copied, marketed and sold the audio recordings at issue.

> **ANSWER:** Pantone denies the allegations set forth in paragraph eighteen (18) of the Complaint.

19. Defendants Pantone, Taz Tally Seminars, Inc., Enfocus Software, Inc., Microsoft Corporation, X-Rite Incorporated, Colorblind, Markzware, Quadralay Corporation, Copydot Pre Press, Inc., Vantage Training Technologies, Inc., Tecsoft, Printable Technologies, Graphic Authority Online University, Graphic Computer Solutions Online University, Printimage International Online University and the National Counsel for Skill Standards and Graphic Communications, International Center for Entrepreneurial Development, Printing Industries of Northern California, Cornermark, AGT, Printstaff, LLC, Printing Industry Association of Southern California, Printing Industry Association of Georgia, Imaging Technologies, Inc., Imaging Technologies, Corp., Lithco, Extensis, Inc., National Association of Photoshop Professionals, and PG and Associates have never obtained valid licenses from the Plaintiff and have all copied, marketed and sold the audio at issue.

> **ANSWER:** Pantone denies the allegations set forth in paragraph nineteen (19) of the Complaint as to Pantone. Pantone is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph nineteen (19) of the Complaint; therefore, Pantone can neither admit nor deny these allegations.

20. As a proximate result of the copyright infringement performed by the Defendants, Plaintiff has lost the royalties associated with the reproduction and sale of his copyrighted work.

> **ANSWER:** Pantone denies the allegations set forth in paragraph eight (8) of the Complaint.

### COUNT 3: Fraud

Plaintiff incorporates as if fully set forth herein the factual allegations contained in the preceding paragraphs herein.

21. Defendant Craig Hane knowingly and intentionally misrepresented to Plaintiff that the shares of Digital Media, Inc. would be worth substantial money in an effort to induce him to accept 50,000 shares of Digital Media, Inc. stock in lieu of $50,000.00 and Defendant Craig Hane further misrepresented that Digital Media, Inc. would not reproduce, market and sell the audio work at issue outside of the corporate entity Digital Media, Inc.

> **ANSWER:** Pantone incorporates by reference its responses to the allegations set forth in paragraphs 1-20. Paragraph twenty-one (21), Count 3 of the Complaint makes no allegation against or related to Pantone. Pantone is therefore not required to respond. To the extent Plaintiff attempts to make any allegation against Pantone, Pantone denies same.

22. Plaintiff reasonably relied upon Defendant Hane's representations in agreeing to accept the 50,000 shares of Digital Media, Inc. stock and Plaintiff also reasonably relied upon Mr. Hane's misrepresentations when entering into the contract attached as "Exhibit 2".

> **ANSWER:** Paragraph twenty-two (22), Count 3 of the Complaint makes no allegation against or related to Pantone. Pantone is therefore not required to respond.

> To the extent Plaintiff attempts to make any allegation against Pantone, Pantone denies same.

23. As a proximate result of Craig Hane's fraudulent misrepresentations to the Plaintiff, the Plaintiff has lost $50,000.00 as well as the value of the royalties pertaining to his audio.

> **ANSWER:** Paragraph twenty-three (23), Count 3 of the Complaint makes no allegation against or related to Pantone. Pantone is therefore not required to respond. To the extent Plaintiff attempts to make any allegation against Pantone, Pantone denies same.

### COUNT 4: Punitive Damages

Plaintiff incorporates as if fully set forth herein the factual allegations contained in the preceding paragraphs of this Complaint.

24. Plaintiff is entitled to recover punitive damages against Defendant Hane for his fraudulent misrepresentations.

> **ANSWER:** Pantone incorporates by reference its responses to the allegations set forth in paragraphs 1-23. Paragraph twenty-four (24), Count 4 of the Complaint makes no allegation against or related to Pantone. Pantone is therefore not required to respond. To the extent Plaintiff attempts to make any allegation against Pantone, Pantone denies same.

### COUNT 5: Attorney's Fees

Plaintiff incorporates as if fully set forth herein the factual allegations contained in the prior paragraphs of this Complaint.

25. Pursuant to the Copyright Act, Plaintiff is entitled to recover attorney's fees for the cost of this lawsuit against the Defendants, each of them, with respect to all copyright infringement occurring on or after April 10, 2003, the date of copyright registration.

**ANSWER:** Pantone incorporates by reference its responses to the allegations set forth in paragraphs 1-24. Pantone denies the allegations set forth in paragraph twenty-five (25) of the Complaint.

## ADDITIONAL DEFENSES

1. Plaintiff's claims are barred because Plaintiff has never held a valid copyright in the voice recordings at issue.

2. Plaintiff's copyright registration for the audio recordings at issue is invalid.

3. Plaintiff's claims are barred by the doctrine of payment.

4. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

5. Plaintiff's claims are barred by operation of the doctrine of release.

6. Plaintiff's claims are barred by failure of consideration.

7. Plaintiff's claims are barred by the doctrine of license.

8. Plaintiff's claims are barred because Plaintiff has sustained no damages resulting from any act or omission by Pantone.

9. Plaintiff's claims are barred by Plaintiff's failure to mitigate damages, if any.

10. Plaintiff's claims are barred by operation of the doctrine of waiver.

11. Plaintiff's claims are barred by operation of the doctrine of estoppel.

12. Plaintiff's claims are barred by operation of the doctrine of laches.

13. Plaintiff's claims are barred because Plaintiff has failed to state a claim in which relief may be granted against Pantone

14. Plaintiff's fraud claim is barred because Plaintiff failed to plead with the degree of specificity required by Rule 9 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, Pantone, Inc. respectfully requests that the Court: (1) enter judgment that Plaintiffs take nothing by their claims; and (2) award Pantone such other and further relief, both at law and in equity, to which Pantone may show itself to be justly entitled.

    Respectfully submitted,

    ICE MILLER


    By: /s/ Daniel K. Burke
        Adam Arceneaux
        Robert L. Gauss
        Michael A. Swift
        Daniel K. Burke

    Attorneys for Defendant, Pantone, Inc.

ICE MILLER
One American Square
Box 82001
Indianapolis, IN 46282-0002
(317) 236-2100

- 11 -

INDY 1317126v1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of February, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John F. Townsend, III (townsendmontross@aol.com)
Alice McKenzie Morical (amorical@hooverhull.com)
Michelle A. Kaiser (mkaiser@sbalawyers.com)
Jonathan G. Polak (jpolak@dannpecar.com)
Stephen J. Peters (speters@stewart-irwin.com)
Robert F. Hunt (hunt@huntlawfirm.net)
Christopher C. Hagenow (chagenow@hglaw.org)
Stephen J. Peters (speters@stewart-irwin.com)
Jonathan G. Polak (jpolak@dannpecar.com)
James Dimos (jdimos@locke.com)
Joel E. Tragesser (jtragesser@locke.com)

A copy of the foregoing will be sent via first class mail to the following parties:

Steven C. Shockley
SOMMER BARNARD ACKERSON, PC
One Indiana Square
Suite 3500
Indianapolis, IN 46204

E. Patrick Ellisen
FOLEY & LARDNER
One Maritime Plaza, 6th Floor
San Francisco, CA 94111-3409

Jason M. Julian
FOLEY & LARDNER
One Maritime Plaza, 6th Floor
San Francisco, CA 94111-3409

/s/ Daniel K. Burke

ICE MILLER
One American Square
Box 82001
Indianapolis, IN 46282-0002
(317) 236-2100