UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PHILLIP TRAICOFF, d/b/a RENEGADE STUDIOS, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:03-cv-1781-JDT-WTL |
| DIGITAL MEDIA, INC., and STAFFING TOOLS, INC., | ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON MOTION TO RECONSIDER AND AMEND THE COURT'S DENIAL OF AN AWARD OF ATTORNEY'S FEES (Doc. No. 251)**[1]

On February 22, 2007, the court denied Defendants' Petition for Attorney's Fees (Doc. No. 250). Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Defendants submitted a motion to amend the judgment on March 5, 2007, arguing that the court misapprehended the Supreme Court's guidance in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 & n.19 (1994) as to when to award attorneys' fees, as refined by the Seventh Circuit in *Assessment Technologies of WI, LLC v. Wiredata, Inc.*, 361 F.3d 434, 436 (7th Cir. 2004). The court has reviewed its entry and the case law, but declines to amend its judgment for the reasons set forth below.

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

This comes before the court on Defendants' Rule 59(e) motion. A motion under Rule 59(e) may be granted if there is newly discovered evidence, an intervening change in the controlling law, or a manifest error of law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Defendants argue that the court made a manifest error of law by misapplying Seventh Circuit case law to deny Defendants' petition for award of attorneys' fees. Defendants prevailed at the summary judgment stage in the underlying copyright suit in this case and petitioned pursuant to 17 U.S.C. § 505 for attorneys' fees, which the court denied. (Doc. No. 250.) The court assumes the reader's familiarity with the entry on the motions for summary judgment (Doc. No. 243), the entry denying attorneys' fees (Doc. No. 250), and the facts of this case.

The Seventh Circuit has touched upon the subject of when to grant attorneys' fees pursuant to 17 U.S.C. § 505 on a couple of occasions. In *Gonzales v. Transfer Techs., Inc.*, 301 F.3d 608 (7th Cir. 2002) (Posner, J.), the court remanded a district court's denial of attorneys' fees because its reason for the denial—that the infringer had stopped its wilful infringement after the suit commenced—was not sufficient. The Seventh Circuit noted that while § 505 does not set forth a standard for awarding attorneys' fees, the Supreme Court had discussed § 505 in its opinion in *Fogerty*. The Court had held that unlike civil rights cases—where a prevailing plaintiff is entitled to attorneys' fees as a matter of course while the prevailing defendant is entitled only if the claim was frivolous, *Gonzales*, 301 F.3d at 609 (compiling cases)—under § 505, a prevailing defendant and plaintiff are treated the same. This is because "copyright defenses are as important as copyright claims (a successful defense enlarges the public

domain, an important resource for creators of expressive works) . . . ." *Id.*  *Fogerty* did not provide a standard to be applied to determine if an award of attorneys' fees should be granted to the prevailing parties in copyright cases, but did provide a list of "nonexclusive" factors.[2]  The Seventh Circuit noted that while the Supreme Court's factors leave the decision to grant attorneys' fees "pretty much to the discretion of the district judge,"  a district judge must explain his or her reasons for granting or denying attorneys' fees so that the Court of Appeals can determine whether the decision was reasonable.  *Id.*

The Seventh Circuit also went on to discuss the deterrent effect of awarding attorneys' fees.  In particular, the amount of recovery in *Gonzales* was $3000, a small amount compared to what the plaintiff must have spent on attorneys' fees.  Therefore, the endeavor was a net loss for the "prevailing" party without an award of attorneys' fees.  The court explained that to make a general rule of the district court's decision would create a regime where minor, yet wilful, infringements are allowed because plaintiffs with good claims would have no incentive to enforce their rights:

> The effect of the district court's decision if universalized would be to allow minor infringements, though willful, to be committed with impunity, to be in effect privileged, immune from legal redress.  The smaller the damages, provided there is a real, and especially a willful, infringement, the stronger the case for an award of attorneys' fees.

---

[2]  This list included "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance consideration of compensation and deterrence."  *Fogerty*, 510 U.S. at 535 n.19.

*Id.* at 610.  The court went so far as to say that prevailing parties in cases where the awards are small should be presumptively entitled to an award of attorneys' fees.  *Id.*  Although the presumption can be overcome, a district judge must explain why.  As the court stated: "The judge in this case may have had a good reason to find the presumption rebutted but this we cannot tell from his extremely brief discussion."  *Id.*

The Seventh Circuit addressed the same type of issue from the defendant's perspective in *Assessment Technologies*, where the Seventh Circuit awarded attorneys' fees to the prevailing defendant.   361 F.3d 434.  Judge Posner further refined the Circuit's guidance on the standard for awarding attorneys' fees by stating: "The two most important considerations in determining whether to award attorneys' fees in a copyright case are the strength of the prevailing party's case and the amount of damages or other relief the party obtained." *Id.* at 436.  The court cited the presumption in favor of fees expressed in *Gonzales* and noted that in the case of a defendant "who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong.  For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from exercising his rights."  *Id.* at 437.

Defendants argue that Plaintiff has not overcome the "very strong" presumption in favor of an award of attorneys' fees to Defendants.  The court disagrees.  It was with the standard set forth in *Assessment Technologies* that this court denied the petition for attorneys' fees.  As the court explained in its ruling, the strong presumption in favor of awarding attorneys' fees was overcome because "Plaintiff had a reasonable basis for

advancing his claim where the issue would be one of first impression for the Seventh Circuit and a Ninth Circuit decision stood for his proposition." Entry on Pet. for Award of Att'ys' Fees 3.

*Assessment Technologies* set forth the "two most important considerations in determining whether to award attorneys' fees in a copyright case." The first—"the amount of damages or other relief the party obtained"—justifies a presumption in favor of a defendant receiving attorneys' fees. But the second—"the strength of the prevailing party's case"—is an important factor that can sometimes overcome the presumption.[3] To assume otherwise would make the language of the opinion puzzling. If the second consideration can never overcome the presumption in a prevailing defendant's favor, its inclusion as one of the two most important consideration is curious. The Seventh Circuit could easily have explained that the strength of the prevailing party's case is irrelevant when the prevailing party is the defendant or that it must be accompanied by additional factors to overcome the presumption.

Additionally, given the policy considerations for the creation of the presumption, the second consideration should overcome the presumption for an award in this case. In *Gonzales* and *Assessment Technologies*, universal denial of attorneys' fees in like cases would turn the high cost of litigating a copyright claim into a weapon against

---

[3] Defendants argue that the court misapplied the standard when it focused on the strength of Plaintiff's case because Defendants, not Plaintiff, were the prevailing party. But the strength of Defendants' case is just the inverse of the strength of Plaintiff's case. In *Assessment Technologies*, the Seventh Circuit focused on the weakness of Plaintiff's case, despite being the losing party. *See Assessment Technologies*, 361 F.3d at 437.

copyright law.  Well-established case law and policy would govern rights in theory; an opposite result could transpire in practice.  The *Gonzales* defendant might have willfully infringed as long as the potential recovery for the plaintiff was less than the cost of pursuing litigation.  The *Assessment Technologies* plaintiff might have unlawfully and unreasonably claimed a piece of the public domain, demanding payment for use, as long as the payment was less than the cost of litigation.

But this is not a case where Plaintiff aimed at extortion at the expense of the public domain.  Plaintiff honestly and reasonably believed that there was infringement in this case.  He came armed with a supporting case from the United States Court of Appeals for the Ninth Circuit, a contract with the defendant, and no case law in the Seventh Circuit against him.  There was no reason to believe that Plaintiff, like plaintiff in *Assessment Technologies*, was "transparently seeking to annex a portion of the intellectual public domain" or that his behavior came close to copyright misuse.  *Assessment Techs.*, 361 F.3d at 437.  Where, as here, the case involves two parties with different, but reasonable, views of the law with an uncertain outcome there is little risk that one of them will use the high cost of litigation to thwart established copyright law and policies.  The court does not take *Assessment Technologies* to require in every case a sanction on a losing plaintiff who in good faith sought its day in court.[4]

---

[4] Additionally, Defendants fight not "to obtain nonexclusive access to the intellectual public domain," *Assessment Technologies*, 361 F.3d at 436, but to interpret their exclusive contractual rights with Plaintiff.  (Defendants also argued that Plaintiff did not have intellectual property in the material at issue; yet, to the extent that Plaintiff did not have a copyright, Defendant Digital Media did.  Further, it was on the contractual ground that the court found for Defendants.)  Therefore, the public's interest in Defendants' defense in no greater than in any

(continued...)

For these reasons, the court **DENIES** Defendants' motion to alter judgment.

ALL OF WHICH IS ENTERED this 7th day of August 2007.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge William T. Lawrence

Robert F. Hunt
Hunt Hassler & Lorenz LLP
hunt@huntlawfirm.net

Philip Alan Sallee
universallee@insightbb.com

John F. Townsend III
Townsend & Montross
townsendmontross@aol.com

---

⁴(...continued)
contract case, where attorney's fees are not normally awarded.